**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **REMUS NEWSOME,** | ) | **CASE NO.5:11CR0047** |
| | ) | **5:16CV1706** |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #97) and Supplemental Motion in Support of Motion to Vacate (ECF#107). Respondent filed a Response in Opposition to Petitioner's Second Motion to Vacate (ECF #108). Petitioner filed a Response to Government's Response to Second Motion. (ECF #109). For the following reasons, the Court dismisses Petitioner's Petition.

## FACTS

On February 1, 2011, an Indictment was filed charging Petitioner with Felon in

1

Possession of a Firearm and Ammunition, Possession With Intent to Distribute 28 Grams of Crack Cocaine, Possession With Intent to Distribute Heroin and Possession of a Stolen Firearm. Petitioner filed a Motion to Suppress which was denied. On November 1, 2011, Petitioner pled guilty to Felon in Possession of a Firearm and Possession With Intent to Distribute Cocaine pursuant to a Plea Agreement. Petitioner was sentenced on November 3, 2011, to 151 months imprisonment on Count Two, Possession With Intent to Distribute Cocaine and 120 months imprisonment on Count One, Felon in Possession of a Firearm, concurrent to Count Two.

Petitioner filed his Notice of Appeal on November 7, 2011. The Sixth Circuit affirmed the Court's Order denying the Motion to Suppress with the exception of the one sub-argument made by Petitioner noting that the United States correctly stated that the exclusionary rule would apply to the firearm. The Court of Appeals vacated Petitioner's Felon in Possession conviction and remanded the case to re-sentence Petitioner for the limited purpose of readjusting the sentence. On January 16, 2013, the Court re-sentenced Petitioner but because Count Two controlled Petitioner's sentence length, his term of imprisonment remained unchanged.

Defendant appealed this re-sentencing on January 29, 2013. The Sixth Circuit affirmed the district court's re-sentencing and denied the Appeal. Petitioner then filed a Motion to Withdraw his Plea which the Court denied.

Petitioner then filed for relief under 28 U.S.C. § 2255, arguing that his counsel were ineffective for failing to challenge his Career Offender designation and that he should have been able to withdraw his guilty plea. The Court denied his Motion on April 10, 2015. On July 1, 2016, Petitioner filed another Motion under 28 U.S.C. § 2255,

seeking relief from his Career Offender designation following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government moved to dismiss the Motion as a second or successive Petition. The Court transferred the Motion to the Sixth Circuit for authorization.

The Sixth Circuit granted Petitioner's request for permission to file a second or successive Petition and instructed the Court to hold the Petition in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 136 S. Ct. 2510 (2016). *Beckles v. United States*, 137 S. Ct. 886 (2017), was decided on March 6, 2017. Respondent asserts that Petitioner's Petition is time barred because he does not present any new right recognized by the Supreme Court which would trigger the new one-year period to file a Motion to Vacate.

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. '" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003),

quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

The Court agrees that Petitioner's Petition is untimely.  A one-year statute of limitations applies to Section 2255 motions. Title 28 U.S.C. Section 2255(f).  The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*(Id.*)

The Amended Judgment was entered on January 16, 2013.  The Sixth Circuit affirmed Judgment on September 17, 2013.  Petitioner's Petition for Certiorari was denied on March 11, 2014.  Therefore, the time for filing a Motion Under 28 U.S.C. § 2255 expired on March 11, 2015.  *Clay v. United States*, 537 U.S. 522 (2003).  Petitioner does not present any new facts that would trigger a fresh one-year period.

Respondent correctly concludes that the Supreme Court's decision in *Johnson* does not entitle Petitioner to post-conviction relief from his Sentencing Guidelines-based Career Offender sentence under 28 U.S.C. § 2255.  *Johnson* does not apply to Guidelines-based sentences in Section 2255 or other collateral attack

4

actions because, as to the Guidelines, *Johnson* is a non-watershed new procedural rule that does not apply retroactively under *Teague v. Lane*, 489 U.S. 288 (1989) analysis.

On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that the advisory Guidelines' residual clause remains valid after *Johnson v. United States*, 135 S. Ct. 2551 (2015), because the advisory Guidelines, unlike the Armed Career Criminal Act, "do not fix the permissible range of sentences," and thus "are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S. Ct. at 892.

The Court finds that Petitioner's Guidelines calculation and sentence are proper and are not affected by *Johnson*. Thus, Petitioner's Petition is untimely. Petitioner fails to show a denial of any constitutional right.

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is untimely and dismissed.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

5

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Petitioner has failed to make a substantial showing that he was denied any constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

October 25, 2017          s/Christopher A. Boyko
Date          CHRISTOPHER A. BOYKO
         United States District Judge