**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **REMUS NEWSOME,** | ) | **CASE NO.5:11CR0047** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(1). (ECF #112). For the following reasons, the Court denies Petitioner's Motion.

**FACTS**

On February 1, 2011, an Indictment was filed charging Petitioner with Felon in Possession of a Firearm and Ammunition, Possession With Intent to Distribute 28 Grams of Crack Cocaine, Possession With Intent to Distribute Heroin and Possession of a Stolen Firearm. Petitioner filed a Motion to Suppress which was denied. On

1

November 1, 2011, Petitioner pled guilty to Felon in Possession of a Firearm and Possession With Intent to Distribute Cocaine pursuant to a Plea Agreement. Petitioner was sentenced on November 3, 2011, to 120 months imprisonment on Count One, Felon in Possession of a Firearm, concurrent to 151 months imprisonment on Count Two, Possession With Intent to Distribute Cocaine.

Petitioner filed his Notice of Appeal on November 7, 2011. The Sixth Circuit affirmed the Court's Order denying the Motion to Suppress with the exception of the one sub-argument made by Petitioner noting that the United States correctly stated that the exclusionary rule would apply to the firearm. The Court of Appeals vacated Petitioner's Felon in Possession conviction and remanded the case to re-sentence Petitioner for the limited purpose of readjusting the sentence. On January 16, 2013, the Court re-sentenced Petitioner, but because Count Two controlled Petitioner's sentence length, his term of imprisonment remained unchanged.

Defendant appealed this re-sentencing on January 29, 2013. The Sixth Circuit affirmed the district court's re-sentencing and denied the Appeal. Petitioner then filed a Motion to Withdraw his Plea which the Court denied.

Petitioner then filed for relief under 28 U.S.C. § 2255, arguing that his counsel were ineffective for failing to challenge his Career Offender designation and that he should have been able to withdraw his guilty plea. The Court denied his Motion on April 10, 2015. On July 1, 2016, Petitioner filed another Motion under 28 U.S.C. § 2255, seeking relief from his Career Offender designation following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government moved to dismiss the Motion as a second or successive Petition. The Court transferred the

Motion to the Sixth Circuit for authorization.

The Sixth Circuit granted Petitioner's request for permission to file a second or successive Petition and instructed the Court to hold the Petition in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 136 S. Ct. 2510 (2016). *Beckles v. United States*, 137 S. Ct. 886 (2017), was decided on March 6, 2017. The court issued an Opinion and Order dismissing Petitioner's Petition on October 25, 2017. Petitioner filed the instant Motion on January 17, 2018.

**LAW AND ANALYSIS**

Fed.R.Civ.P. 60 states:(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court. *See* Fed.R.Civ.P. 1. It is well settled that Fed. R. Civ. P. 60 does not provide a vehicle for relief from a judgment in a criminal

3

case.  *See United States v. Gibson*, 424 Fed. Appx. 461, 464 (6th Cir. 2011); *United States v. Diaz,* 79 Fed. Appx. 151, 152 (6th Cir. 2003); *United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003).

The Court finds that Petitioner's use of Rule 60(b) is improper and without merit. Therefore, Petitioner's Motion to Vacate Judgment is denied.

IT IS SO ORDERED.

February 28, 2018　　　　　　　　s/Christopher A. Boyko  
Date　　　　　　　　　　　　　　CHRISTOPHER A. BOYKO  
　　　　　　　　　　　　　　　　United States District Judge