# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 5:11CR47 |
|---|---|---|
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| REMUS NEWSOME, | ) | OPINION & ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Defendant's Motion for Resentencing Pursuant to Amendments 782 and 788 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (Doc. 117). The Government filed a Response in Opposition to Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2). (Doc. 118). For the following reasons, Defendant's Motion is **DENIED**.

## I. BACKGROUND FACTS

In an Amended Judgment dated January 14, 2013, the Court[1] sentenced Defendant to 151 months in prison and 6 years of Supervised Released. (Doc. 66). Defendant was subject to a base offense level of 24 because his offense involved at least 5 grams but less than 20 grams of cocaine base. (Doc 44). However, due to his classification as a career-offender, the Court increased Defendant's base offense level to 34 and granted a 3-point reduction for acceptance of

---

[1] The Honorable David D. Dowd, Jr. was the original sentencing judge. On November 7, 2014, this Court was assigned to the case.

responsibility. (Doc. 54). But for his classification as a career-offender and after his acceptance of responsibility, Defendant's base offense level would have been 19. (*Id.*).

The Court ultimately stayed with the career-offender designation but varied downward with respect to both Defendant's total offense level and criminal history category, which resulted in a guideline range of 151-188 months. (*Id.*). The Court imposed the low-end of the range and sentenced Defendant to 151 months imprisonment on Count 2. (*Id.*; Doc. 66).

Defendant now requests a reduction of his sentence to 130 months. (Doc. 117). According to Defendant, Amendments 782 and 788 retroactively lowered his base offense level for the quantity of narcotics he possessed. (*Id.*). Furthermore, Defendant claims he was not sentenced under the career-offender guidelines because the sentencing Court expressed reluctance over the designation. (*Id.*). The Government disagrees with Defendant and argues Defendant is not entitled to a reduction because he was sentenced as a career-offender. (Doc. 118).

## II. LAW AND ANALYSIS

### A. Standard of Review

Generally, federal courts may not modify an individual's term of imprisonment. 18 U.S.C. § 3582(c). An exception to this general rule is contained in 18 U.S.C. § 3582(c)(2). Under this Section,

> [A] defendant is eligible for a reduction in sentence if: (1) the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission;' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'

*United States v. Cook*, 870 F.3d 464, 467 (6th Cir. 2017) (quoting 18 U.S.C. § 3582(c)(2)).

Part one of this test requires the court to "review 'the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *Id.* (quoting *Dillion v. United States*, 560 U.S. 817, 827 (2010)). "To satisfy the second requirement, a guidelines amendment must 'have the effect of lowering the defendant's applicable guideline range." *Id.* (citations omitted).

"In 2014, the [Sentencing] Commission passed Amendment 782, which lowered the base offense level for most drug trafficking crimes, and Amendment 788, which made Amendment 782 retroactive." *United States v. Ferguson*, 656 Fed. App'x 772, 787-88 (6th Cir. July 29, 2016). It is under these two Amendments that Defendant seeks relief.

### B. Eligibility for Reduction

Defendant is not entitled to a reduction based on Amendments 782 and 788 because he remains a career offender under U.S.S.G. § 4B1.1. Defendant's base offense level increased due to his career-offender designation. The parties specifically agreed to the designation (Doc. 44) and Defendant understood the consequences of such a designation. (Doc. 52). The Court ultimately increased the Guideline Range appropriately in accordance with the career-offender designation. While the Court varied downward, "the record in this case demonstrates that the Court varied downward from the career offender guideline range" and not the offense level based on the drug quantity. *See Cook*, 870 F.3d at 469.

The Guidelines provide that "if the offense level for a career offender…is greater than the offense level otherwise applicable, the offense level [as a career offender] shall apply." U.S.S.G. § 4B1.1(b). Because Defendant's base offense level as a career offender was and remains higher than the base offense level reduced by Amendments 782 and 788, no "reduction in his term of imprisonment…is authorized." *Id.* at §1B1.10, cmt. n. 1(A). Accordingly, the Court lacks

jurisdiction to modify Defendant's sentence under § 3582(c). *See United States v. Thompson*, 714 F.3d 946, 950 (6th Cir. 2013) (a defendant's status as a career offender essentially trumps the range established under the drug guidelines).

Moreover, *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012)—the case Defendant relies on—does not support his position. There, the Sixth Circuit found that since the sentencing judge sentenced defendant "below the range for career offenders ***and not[ed] his policy disagreement with the crack cocaine guidelines***," the sentence was based on crack cocaine guidelines as much as the career-offender guidelines. *Jackson*, 678 F.3d at 445 (emphasis added). The sentencing judge then sentenced Jackson to a term of imprisonment "within the old advisory guideline range for crack cocaine violations that would have otherwise applied…if he were not a career offender." *Id.* at 433.

That is not what occurred in Defendant's sentencing. First, the Court made no comment on the crack cocaine guidelines. Rather, the Court discussed Defendant's criminal history and the fact that old convictions qualified Defendant as a career offender. The Court then gave Defendant some benefit due to the age of the convictions and varied downward from the original career-offender Guideline Range. Further, unlike *Jackson*, the Court's ultimate sentence was not within in the range of the original crack cocaine violation if Defendant were not a career offender. Defendant's original range (without the career offender designation) was at least 46-57 months. (Doc. 54, PageID: 529). The Court sentenced Defendant to 151 months, well above the non-career offender range. *Jackson* is thus distinguishable and not supportive of Defendant's position.

Accordingly, Defendant is not eligible for relief under § 3582(c)(2).

### III. CONCLUSION

The Court sentenced Defendant as a career offender. Regardless of Amendments 782 and 788, the career-offender designation remains. Since Defendant's sentence was based on his status as a career offender, he is ineligible for the requested reduction and his Motion is **DENIED**.

**IT IS SO ORDERED.**

                                          s/ Christopher A. Boyko
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**

**Dated: November 22, 2019**